IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES A. WILLSEY, individually and
as the Special Administrator of the Estate of
CYNTHIA K. WILLSEY, Deceased                                                PLAINTIFF

V.                                       NO.  12-2320

SHELTER MUTUAL INSURANCE COMPANY                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT and RECOMMENDATION**

Before the Court is the Defendant's Motion for Sanctions to Bar the Testimony of Sutterfield, Bean, Slaight, and Lonon (ECF No. 30) which was filed on June 20, 2013. The Matter was referred to the undesigned on June 20, 2013 and by text order entered on June 21, 2013 the matter was set for a hearing on July 10, 2013.  The Plaintiff filed his Response on July 8, 2013 and a hearing was conducted on July 10, 2013 on the current Motion for Sanctions by the Defendant as well as the Plaintiffs's Motion to Compel (ECF No. 26) and the Defendant's Motion to Inspect (ECF No. 32).

**Background:**

The Plaintiff filed a complaint against the Defendant in the Circuit Court of Crawford County on November r 9, 2012 alleging Breach of Contract, Bad Faith, Violation of the Deceptive Trade Practices Act, and Wrongful Death. (ECF No. 1-1).  The matter was removed by Shelter on December 19, 2012 to federal court. (ECF No. 1).  A Final Scheduling Order (ECF No. 17) was entered on March 25, 2013 setting the matter for trial on November 4, 2013. The Order provided a Discovery cutoff of July 26, 2013 and that the Plaintiff had to disclose it's Expert Witnesses 90

Page -1-

days prior to close of discovery or by April 27, 2013. (ECF No. 17).

It appears that sometime in March 2013 the Plaintiff filed Interrogatories and Request for Production which were responded to by the Defendant on May 20, 2013 (ECF No. 26-1). The Defendant's response had numerous objections and the Plaintiff filed a Motion to Compel (ECF No. 26) on June 17, 2013. The court conducted a hearing on July 10, 2013 and heard argument on each objection and made and made rulings from the bench. The court overruled many of the Defendant's objections and ordered production of company material to the Plaintiff. The Plaintiff was instructed to prepare a precedent and submit it for approval to the Defendant. As of the filing of this order no precedent has been provided to the court. Because of the response ordered by the court it was clear that the parties could not complete discovery within the scheduled discovery deadline of July 26, 2013. The Plaintiff's Motion to Compel contained a request to extend the discovery deadline (ECF No. 26, p. 15) which was also referred to the undersigned. From the bench the court extended the discovery cutoff to September 16, 2013. The Amended Close of Discovery means that expert disclosure by the Plaintiff would have been required by June 18 and by Defendant on August 2, 2013.

The Plaintiff disclosed Dr. Vickie Sutterfield and Dr. Paul Bean as "Treating Physicians, Expert Witnesses" prior to the original discovery cutoff date. (ECF No. 30-1, 37-1). The disclosure provided information as follows:

> Dr. Sutterfield was one of Ms. Willsey's treating physicians. She will likely have discoverable information, both as a fact and expert witness, concerning her observations of Ms. Willsey's health (including any preexisting conditions) at the time of the events giving rise to the Plaintiff's Complaint. (Id.)
>
> Dr. Bean was one of Ms. Willsey's treating physicians during her lengthy hospitalization in 2011. He is likely to have information, both as a treating

    physician and expert witness, about how mold was a proximate cause of Ms. Willsey's death. (Id.).

It also appears from the hearing that over 7,000 pages of medical records have been disclosed to the Plaintiff prior to the deadline date.

According to the Defendant's Motion for Sanctions the Plaintiff disclosed, on May 8, 2013, that they intended to call Miriam Kay Lonon, Ph. D, a microbiologist and Martha Jane Slaight, an insurance expert.  The Defendant acknowledges that the experts were not timely provided under the original cutoff date nor did the Plaintiff provide any information required under Federal Rules of Civil Procedure, Rule 26(a)(2) except a CV for each expert.

### Discussion:

The Federal Rules of Civil Procedure provide that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Cv. P. 37(c)(1).  In prior cases, Circuit courts have upheld rulings by district courts precluding experts from testifying when those experts were not timely disclosed pursuant to pretrial orders and local rules. *Harris v. Steelweld Equip. Co.*, 869 F.2d 396, 399 (8th Cir.), cert. denied, 493 U.S. 817, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989); *Blue v. Rose*, 786 F.2d 349, 351 (8th Cir.1986). Accord *Simplex, Inc. v. Diversified Energy Systems, Inc.*, 847 F.2d 1290, 1292 (7th Cir.1988); *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 728 (9th Cir.), cert. denied, 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 296 (1986).

**A.  Dr. Sutterfield and Dr. Bean:**

    In the case of Dr. Sutterfield and Dr. Bean the Plaintiff did timely provide their names and

a summary of what they were going to testify to. (ECF No. 30-1, 37-1). These are treating physicians and substantial medical records have also been provided to the Defendant. While the court believes that the "summary" of their testimony was insufficient under the Rules the court believes that deficiency was harmless. In light of the extended deadline for discovery the court instructed the Plaintiff to supplement the witnesses expected testimony to comply with the Rules.

**B.  Miriam Kay Lonon, Ph. D, and Martha Jane Slaight:**

Ms. Lonon is a microbiologist and Ms. Slaight has expertise in insurance company billing practice and procedures. The witnesses were not timely disclosed under the original discovery cutoff date of April 27, 2013 but may be considered timely disclosed under the amended cutoff date which would have required disclosure by June 17, 2013. Notwithstanding the disclosure of the names of the proposed witnesses the Plaintiff has not otherwise complied with Rule 26 because no report of the proposed testimony has been provided. Disclosure of any retained witness, or person "specially employed to provide expert testimony in the case whose duties as an employee of the party regularly involve giving expert testimony," must "be accompanied by a written report prepared and signed by the witnesses." Fed.R.Civ.P. 26(a)(2)(B). Failure to disclose an expert witness required by rule 26(a)(2)(B) can justify exclusion of testimony at trial. Fed.R.Civ.P. 37(c)(1). *See McCoy v. Augusta Fiberglass Coatings, Inc.* 593 F.3d 737, 746 (C.A.8 (Ark.),2010) citing *Crump v. Versa Prod., Inc.*, 400 F.3d 1104, 1110 (8th Cir.2005). The Plaintiff contends that he is excused from providing the report because his expert witnesses will have to review the evidence that the court ordered provided in the Motion to Compel.

    1.  Justification

The only explanation for the Plaintiff issuing his Interrogatories and Request for

Production in March 2013 was that there was substantial work and attention placed on the Defendant's Motion for Judgment of the Pleadings (ECF No.. 9) which was filed in January 2013 and on the resulting Motion to Certify Question to the Arkansas Supreme Court (ECF No. 18) which was filed in April 2013. While it is understood that issue was complex and required a great deal of effort it does not qualify as "substantial" justification for waiting so long to seek the Interrogatories or Request for Production. If the witnesses are to be allowed it must be because the error is harmless.

    2.  Harmlessness:

It is unclear how Ms. Lonon, a microbiologist, requires any of the material the court ordered produced in the Motion to Compel to prepare her report. She had access to the Plaintiff's home and had all of the mold reports that had been previously prepared concerning the Plaintiff's claim. It is certainly understandable why the material the court ordered produced may be relevant to Ms. Slaight formulating an opinion because that material involved training manuals and material, computer programs, and training practices and procedures for claims adjustment and processing.

Neither of these experts have rendered any opinion or reports concerning their opinion and the Plaintiff contends that they cannot do so until information is received from the Defendant under the Motion to Compel. To allow the testimony of these proposed experts may require rebuttal experts by the Defense. Even under the Amended Discovery Cutoff date, which is August 3, 2013, there is no way that the Defendant could hire an expert, review the material, and make a report prior to August 3, 2013. There is no indication that the Plaintiff will even have his reports from his experts until sometime after September 16, 2013. The end result of allowing the

testimony of Ms. Lonon and Ms. Sleight is that the trial of this matter would have to be continued. Allowing the testimony of Ms. Lonon or Ms. Sleight could not be considered harmless to the Defendant or the Court.

## Conclusion:

The court therefor recommends that the Motion for Sanctions to Bar Testimony (ECF No. 30) be **GRANTED in PART** and **DENIED in PART**.

The court recommends that the Motions for Sanctions to Bar the Testimony of Dr. Sutterfield and Dr. Bean be **DENIED;**

The court further recommends that, barring a continuance of the trial, the Motion for Sanctions to Bar the Testimony of Miriam Kay Lonon, Ph. D, and Martha Jane Slaight be **GRANTED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this July 15, 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE