```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION


CHARLES A. WILLSEY, Individually and
as the Special Administrator of the
Estate of CYNTHIA K. WILLSEY, Deceased                    PLAINTIFF


     V.                    CIVIL NO. 12-2320


SHELTER MUTUAL INSURANCE COMPANY                          DEFENDANT
```

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff's Motion to Certify Question to the Arkansas Supreme Court and supporting brief (docs. 18-19), Defendant's Response (doc. 20) and Plaintiff's Reply (doc. 22). Also before the Court are Defendant's Motion for Partial Judgment on the Pleadings and supporting brief (docs. 9-10), Plaintiff's Response (doc. 13) and Defendant's Reply (doc. 15).

**A. Background**

Plaintiff filed his Complaint on November 9, 2012, in the Circuit Court of Crawford County contending Defendant exhibited bad faith in connection with his and his wife's insurance claim for hail damage to their home. Plaintiff alleges that Defendant's bad faith and delayed payment of their claim resulted in mold growth in their home culminating in Cynthia Willsey's lung failure due to fungal pneumonia and resulting death. Plaintiff alleges claims for breach of contract, bad faith, deceptive trade practices and wrongful death.

Defendant removed the case to this Court on December 19, 2012, based upon diversity jurisdiction.  On January 10, 2013, Defendant filed a Motion for Partial Judgment on the Pleadings (doc. 9) as to Plaintiff's deceptive trade practices claim contending that the Trade Practices Act of the Arkansas Insurance Code, Arkansas Code Annotated § 23-66-201, *et seq*. does not provide a private right of action against an insurer.  In his response (doc. 13), Plaintiff clarifies his cause of action is pursuant to the Arkansas Deceptive Trade Practices Act, Arkansas Code Annotated § 4-88-101, et seq. (ADTPA).  In its reply (doc. 15), Defendant contends Plaintiff's ADTPA claim still fails as Section 4-88-101(3) excludes all insurance business activities from the purview of the ADTPA.  It is this contention for which Plaintiff seeks certification to the Arkansas Supreme Court.

### B.  **Standard of Review**

Federal courts sitting in diversity must apply the substantive law of the forum state as declared by the state's legislature in a statute or by its highest court in a decided case. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Assuming a federal court is confronted with an unresolved issue of state law, the federal court may determine how the state's highest court would rule on the issue or certify the question to the state's highest court for a resolution. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010).  This decision is within the sound discretion of the

federal court. *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881 (8th Cir. 1996).

The Arkansas Supreme Court has the power to "answer questions of law certified to it" by a federal court if the federal court proceeding involves "questions of Arkansas law which may be determinative of the cause...and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court." Ark. Sup. Ct. & Ct. App. R. 6-8(a)(1). Acceptance of certification by the Arkansas Supreme Court will occur only where all facts material to the question of law to be determined are undisputed, and there are special and important reasons to accept the certification. *Longview Prod. Co. v. Dubberly*, 99 S.W.3d 427 (2003). Certification may be accepted if "[t]he question of law is one of first impression and is of such substantial public importance as to require a prompt and definitive resolution by the court." *Id*. Absent a close question of state law or a lack of state guidance, a federal court should determine all the issues before it. *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 209 (8th Cir. 1987).

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010). "The facts pleaded by the non-moving party must

be accepted as true and all reasonable inferences from the pleadings should be taken in favor of the non-moving party." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). In ruling on a motion for judgment on the pleadings, a court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. *Id*.

### C.  Analysis

According to Plaintiff, certification is needed as there is a split in the federal districts in Arkansas as to which test should be applied to determine the application of the "safe harbor" provision of the ADTPA. Plaintiff seeks an order of the Court certifying the question of whether the safe harbor provision found at § 4-88-101(3) of the Arkansas Code exempts all conduct by insurers from the purview of the ADTPA.

The ADTPA prohibits deceptive and unconscionable trade practices and provides a private cause of action to "[a]ny person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter." Ark. Code Ann. § 4-88-113(f). However, the ADTPA's so-called "safe harbor" provision provides the ADTPA does not apply to actions or transactions permitted under laws administered by...[a] regulatory body or officer acting under statutory authority of this state or the United States. Ark. Code Ann. § 4-88-101(3).

The Supreme Court of Arkansas has stated that the ADTPA's safe harbor provision specifically exempts conduct that is **permitted** under

laws administered by a federal agency. *DePriest v. Astrazeneca Pharmaceuticals, L.P.*, 351 S.W.3d 168, 176 (Ark. 2009)(emphasis added). In *DePriest*, the Arkansas Supreme Court found Plaintiff's action was barred by the safe harbor provision as the drug advertising challenged by the plaintiff as deceptive was approved by and complied with the Federal Drug Administration's rules and regulations. *Id.* at 176-77. Thus, the FDA had already determined the information was not "false or misleading."

In this action, Plaintiff alleges Defendant committed "unfair claims settlement practices" as defined in the Insurance Trade Practices Act, Ark. Code Ann. § 23-66-201, *et seq*. Plaintiff specifically contends Defendant intentionally delayed paying his claim and ultimately underpaid his claim. Such conduct is expressly prohibited by the Insurance Code.

To resolve this issue, the Court must construe the pertinent provisions of the ADTPA and the Insurance Trade Practices Act. When construing a statute, no word is left void, superfluous, or insignificant, and the Court must give meaning and effect to every word in the statute, if possible. *McMickle v. Griffin*, 254 S.W.3d 729 (Ark. 2007). Further, the court shall consider the statutes just as they read, giving the words their ordinary and usually accepted meaning. *Nelson v. Timberline Int'l, Inc.*, 964 S.W.2d 357, 262 (Ark. 1998).

At issue here is the ADTPA's safe harbor provision excluding

actions or transactions **permitted** under the Insurance Trade Practices Act.  Plaintiff's allegations in this case are generally characterized as "unfair claims settlement practices".  These practices are specifically prohibited by the Arkansas Insurance Trade Practices Act.  *See* A.C.A. §§ 23-66-205 & 206.  As unfair claims settlement practices are not permitted by the Trade Practices Act, the Court finds they are not excluded by the ADTPA's safe harbor provision.

The Eastern District of Arkansas has stated that the insurance activity exception of the ADTPA excludes all insurance activity in the State of Arkansas whether permissible or not.  *Williams v. State Farm Mut. Auto. Ins.*, 2010 WL 2573196 (E.D. Ark. June 22, 2010) *citing Jones v. Unum Life Ins. Co. of Am.*, 2006 WL 3462130, at *3 (E.D. Ark. Nov. 29, 2006) and *Kirby v. United Am. Ins. Co.*, 2010 WL 961723, at *1 (E.D. Ark. Mar. 15, 2010).  With all due respect to these decisions, this Court does not need to engage in speculation or conjecture regarding state law.  The plain meaning of the safe harbor provision only excludes activity permitted by the Insurance Trade Act.  Accordingly, Plaintiff's Motion to Certify Question to the Arkansas Supreme Court (doc. 18) is DENIED.

### D. Motion for Partial Judgment on the Pleadings

For the reasons reflected above, the Court finds Plaintiff has stated a claim pursuant to the ADTPA, and Defendant's Motion for Partial Judgment on the Pleadings (doc. 9) is DENIED.

**AO72A**
**(Rev. 8/82)**

**E.   Conclusion**

Plaintiff's Motion to Certify Question to the Arkansas Supreme Court (doc. 18) is DENIED.  Defendant's Motion for Partial Judgment on the Pleadings (doc. 9) is DENIED.  This matter remains set for a jury trial during the week of November 4, 2013.

IT IS SO ORDERED this 16th day of August 2013.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)