IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES A. WILLSEY, individually and
as the Special Administrator of the Estate of
CYNTHIA K. WILLSEY, Deceased                                    PLAINTIFF

v.                              Case No. 2:12-cv-02320

SHELTER MUTUAL INSURANCE COMPANY                                DEFENDANT

## PROTECTIVE ORDER

The Defendant has requested that a Protective Order be entered, and good cause appearing therefore, it is so ordered by the Court, as follows:

1. **Designation of Documents As Confidential.** As used in this Order, "Confidential Information" shall be deemed to refer to information, documents, things and content thereof designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party. The designation must be made in writing at the time of the production, or stated on the record if produced during a deposition or during a hearing.

2. **Depositions.** Deposition testimony shall be deemed "Confidential Information" if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL INFORMATION-

SUBJECT TO PROTECTIVE ORDER." Thereafter, the deposition transcripts and any of those portions so designated shall be protected as "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER" pending objection, under the terms of this Order.

3. **Protection of Confidential Information.**

(a) General Protections. Documents designated as "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER" and the information contained therein shall be treated as confidential by the parties and their attorneys and "Confidential Information" shall be used only for purposes of this litigation, including any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any "Confidential Information" to any third party or entity, except as set forth in subparagraph (b)(1) through (8) below. Any documents, things or information designated as "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER" are entitled to the protections of this Order, unless and until the Court has made a specific ruling that the materials are not in fact entitled to these protections.

(b) Limited Third-Party Disclosures. Subject to the requirements set forth in 3(a) above, the persons described in subparagraphs (1) through (8) below may be allowed to review "Confidential Information." All such persons shall be bound by the terms of this Protective Order and shall not permit disclosure of the documents or the "Confidential Information" contained therein, other than pursuant to the terms of this Order. Prior to receiving "Confidential Information" each person within the categories

described in subparagraphs (1)-(8), shall be provided with a copy of this Order and shall be subject to its terms and conditions:

- (1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

- (2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

- (3) **The Court and its personnel;**

- (4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

- (5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

- (6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A;

- (7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing "Confidential Information", except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "Confidential Information" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

- (8) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of "Confidential Information". Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER" if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. No copies shall be made of the "Confidential Information" except for copies made for use in the present action subject to the provisions of this Order.

4. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER" does not, standing alone, waive the right to so designate the document. If a party designates a document as "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER" after it was initially produced, the receiving party, on

notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

5. **Filing of Confidential Information Documents Under Seal.** The filing of documents containing "CONFIDENTIAL INFORMATION" shall be governed by General Order No. 36 IV B, "Documents Filed Under Seal." If a motion to seal a document is granted, the envelope containing the sealed document shall be filed under seal and not to be opened or the contents displayed or revealed except by Order of this Court.

In the event that a party wishes to use any "Confidential Information" in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential Information" used therein shall be filed and maintained under seal by the Court. The producing party may move the Court to establish such further conditions and safeguards as may be necessary to protect against disclosure of "Confidential Information" in open Court.

6. **Challenges by a Party to Designation Confidential.** Any "Confidential Information" designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "Confidential Information" designation as to any

documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

    7.    **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the "meet and confer" requirements of this procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as "Confidential Information" under the terms of this Order.

    8.    **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to prohibit the use of any document, material, or information at any trial or hearing. A party that intends to present, or that anticipates that another party may present, "Confidential Information" at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the "Confidential Information." The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

    9.    Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all copies of "Confidential Information" shall be returned to the producing party, including copies of "Confidential Information" in the possession of persons to whom a party has provided access under paragraph three above, except that work product, pleadings, deposition transcripts, court transcripts and trial or hearing

exhibits may be retained subject to the terms of this Protective Order. Further, the producing party shall be furnished with the identification of any person or organization who were furnished access to the "Confidential Information" by the party or persons provided access and confirmation that any person or organization who has received the "Confidential Information" has returned it.

10. This Protective Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

11. This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and persons made subject to this Order by its terms.

DATED this _12_ day of _Sept_, 2013.

_____
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

APPROVED:

CHANEY LAW FIRM, P.A.
P.O. Box 1405
Arkadelphia, AR 71923
Telephone No.: 870-246-0600
Toll Free Facsimile No.: 866-734-0971
By_____
Nathan P. Chaney
Arkansas. Bar No. 2004109

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 1 2 2013

CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk

Attorneys for Plaintiff

JONES, JACKSON & MOLL, PLC
P.O. Box 2023
Fort Smith, AR 72902-2023
Telephone No.: 479-782-7203
Facsimile No.: 479-782-9460

By *Randolph C. Jackson* /MTN
Randolph C. Jackson
Arkansas Bar No. 77069
Attorneys for Defendant

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

CHARLES A. WILLSEY, individually and
as the Special Administrator of the Estate of
CYNTHIA K. WILLSEY, Deceased

PLAINTIFF

v.          Case No. 2:12-cv-02320

SHELTER MUTUAL INSURANCE COMPANY          DEFENDANT

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledge that he/she has read the Agreed Protective Order, dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Arkansas, Fort Smith Division in matters relating to the Agreed Protective Order and understands that the terms of the Agreed Protective Order obligates the undersigned to use materials designated as "Confidential Information" in

accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Agreed Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

_____
Signature

2