IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES WILLSEY, Individually
and as the Special Administrator of the
Estate of CYNTHIA K. WILLSEY,
Deceased                                                                                                PLAINTIFF

V.                                       NO.  12-2320

SHELTER MUTUAL INSURANCE CO.                                                      DEFENDANT

MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

Before the court is the Defendant's Motion to Allow the Evidentiary Deposition of Dr. James Wedner and Shorten the Time for Filing a Response (ECF No. 84) filed November 1.  The matter was referred to the undersigned on November 4, 2013 but the undersigned was out of the country and did not return until November 9, 2013.

The Motion to Shorten the Time for Response is DENIED.

Discovery issues have been contentious and ongoing between the parties and the court has conducted a number of hearing to resolve discovery disputes. Partially because of the ongoing discovery disputes the court entered an Order on October 4, 2013 continuing the case for trial from November 4, 2013 to the week of December 9, 2013. (ECF No. 75).

The Defendant contends that his witness initially "indicated that Dr. Wedner would be available for trial" on that date (ECF No. 84¶ 4) but subsequently  "Dr. Wedner's office advised Shelter's counsel of a 'professional commitment' which would keep him from being available during the afternoon of Wednesday, December 11, 2013 and the day of Thursday, December 12, 2013."  (Id.).

The court has not been advised of exactly when Dr. Wedner advised that he would not be available. What is clear is that the Motion to take the Deposition of Dr. Wedner was not filed until November 1, 2013.  This is almost one month after the court's rescheduling order and just five weeks prior to trial. The court finds the timing of this request to be dilatory.

There is also no explanation concerning the nature of the "professional commitment" that Dr. Wedner contends conflict with his appearance in court. The court finds the vague reference to such a commitment to be an unsatisfactory basis for the granting of the motion.

There is also no explanation as to why the testimony of Dr. Wedner could not be taken on a day other than the afternoon of the 11th or the 12th of December. The parties have all agreed that this is a complex case with multiple expert and fact witnesses.  The court has allocated the "week beginning December 9, 2013" for the trial.  There does not appear to be any reason why Dr. Wedner could not testify of any day other than the afternoon of the 11th or the 12th of December.

For the reasons stated above I recommend that the Motion to Take Deposition of Dr. James Wedner be DENIED.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this November 12, 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE